AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

### for the
### Western District of New York

**United States of America**

**v.**

Case No. 20-MJ-686

**LUIS GARCIA,**

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the dates of June 4, 2020; June 10, 2020; and June 29, 2020, in the Western District of New York, the defendant, LUIS GARCIA, did knowingly, intentionally, and unlawfully distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

On or about the date of July 14, 2020, in the Western District of New York, the defendant, LUIS GARCIA, did knowingly, intentionally, and unlawfully possess with intent to distribute a quantity of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); AND did knowingly and unlawfully possess a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Task Force Officer Joseph Briganti
Bureau of Alcohol, Tobacco, Firearms, and Explosives

_____
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically via email in .pdf form. Oath administered, and contents and signature attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

_____
*Judge's signature*
HONORABLE MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

Date: August _____4_____, 2020

City and State:  Rochester, New York

_____
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

       v.                                      20-MJ-686

LUIS GARCIA,

        Defendant

---

STATE OF NEW YORK  )
COUNTY OF MONROE  )    SS:
CITY OF ROCHESTER  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

JOSEPH BRIGANTI, being duly sworn, deposes and says:

1. I am a Police Investigator employed by the Rochester Police Department, in Rochester, New York, currently assigned as a Task Force Officer on the Violent Crime Team for the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). As such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

2. I have been a police officer for over twenty-five years. Your affiant has worked in the specialized field of narcotics, firearms and marihuana investigations since 2001, during which time I have participated in several investigations involving the large scale illegal distribution of firearms, narcotics and marihuana. I have been the affiant for more than three

1

hundred search warrants, which have resulted in arrests for felony level drug and weapons offenses, and the seizure of weapons, illegal narcotics and monies. I have assisted in the execution of approximately one thousand additional search warrants, which have resulted in felony arrests and seizures of weapons, illegal narcotics and monies. Over the course of my career I have made undercover purchases of illegal narcotics. I have attended a one-week ATF Firearms investigation school in Washington D.C. I have attended a two-week Drug Enforcement Administration (DEA) Basic Narcotics Investigation school at the Public Safety Training Facility. I have also attended the following trainings: Firearms Enforcement Training sponsored by Project Safe Neighborhoods in conjunction with the Department of Justice; a two-week Interview & Interrogation school; Project Safe Neighborhood Anti-Gang Training; Concealment and Hidden Traps Training sponsored by the DEA, along with several other relevant trainings.

3.      I have been assigned to the ATF Resident Office located in Rochester, New York since November 2016. During this time, I have participated in cases involving the distribution of firearms, cocaine, cocaine base, heroin, methamphetamine, MDMA, and marijuana. My participation in these cases has included, but is not limited to, the monitoring and recording of court-authorized Title III interceptions; execution of search warrants; undercover operations; direction of confidential sources; and the debriefing of defendants and others involved in the distribution of firearms and illegal drugs. I am familiar with how firearms are illegally obtained and distributed. I am also familiar with how controlled substances are obtained, diluted, packaged, distributed, sold and used within the framework of drug trafficking in the Western District of New York.

## PURPOSE OF THIS AFFIDAVIT

4.      This affidavit is submitted in support of a criminal complaint charging LUIS GARCIA with violations of Title 21, United States Code, Sections 841 (a)(1) and 841(b)(1)(C) (distribution of fentanyl and/or possession of fentanyl with the intent to distribute) and Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime).

5.      As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, my review of police reports filed in connection with this investigation, and conversations with other law enforcement officers involved in this matter.   Further, your affiant has had discussions with law enforcement officers involved in this investigation who have confirmed the accuracy of the information contained within this affidavit.  Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that the defendant committed the above-mentioned offense.

## BACKGROUND

6.      In or about May 2020, Greece Police Department Officer Joseph DeMarco, who is currently assigned to the Greater Rochester Area Narcotics Enforcement Team (hereafter "GRANET"), began investigating the narcotics trafficking activities of an individual known as Luis Garcia (hereafter "GARCIA").  The preliminary investigation revealed that GARCIA was selling fentanyl to drug users in the City of Rochester, and was utilizing the telephone number (585) 410-9129 to arrange these transactions. Officer DeMarco

3

and other members of GRANET formulated a plan to conduct a series of controlled undercover fentanyl buys from GARCIA. As described in greater detail below, GRANET utilized an undercover officer (hereafter the "UC") to purchase fentanyl from GARCIA on three separate occasions during the month of June 2020. The investigation culminated with the execution of a search warrant at GARCIA's home, where additional fentanyl, United States currency, and a number of firearms were recovered.

## PROBABLE CAUSE

### Undercover Buy – June 4, 2020

7.      On June 4, 2020 the UC placed a telephone call to GARCIA at cell phone number (585) 410-9129. The UC spoke with GARCIA and made arrangements to purchase fifty dollars ($50) worth of "boy" from him later that day. Based on my training and experience I know that boy is a code word commonly used for heroin and/or fentanyl.

8.      At approximately 12:08 p.m., the UC arrived in the area of 65 Kohlman Street in Rochester, New York and parked his vehicle on the street. The UC observed GARCIA walking from the front of 65 Kohlman Street towards the UC's vehicle. GARCIA approached the passenger side window of the vehicle and had a brief conversation with the UC. GARCIA then handed the UC ten (10) wax paper envelopes containing a gray powdery material and in exchange the UC paid GARCIA fifty dollars ($50) in official funds.

9.      After the controlled-buy was completed, Deputy Steven Thomsen of the Monroe County Sheriff's Office (hereafter "MCSO") performed a field test on the suspected

4

fentanyl purchased from GARCIA, which returned a positive result for the presence of fentanyl.

### Undercover Buy – June 10, 2020

10.    On June 10, 2020 the UC placed a telephone call to GARCIA at cell phone number (585) 410-9129. The UC spoke with GARCIA and made arrangements to purchase one-hundred dollars ($100) worth of "boy" from him later that day.

11.    At approximately 12:36 p.m., the UC arrived in the area of 79 Kohlman Street in Rochester, New York and parked his vehicle on the street. The UC observed GARCIA walking from the side of 66 Kohlman Street towards the UC's vehicle.  GARCIA approached the driver-side window of the vehicle and had a brief conversation with the UC. GARCIA then handed the UC twenty (20) wax paper envelopes containing a gray powdery material and in exchange the UC paid GARCIA one-hundred dollars ($100) in official funds.

12.    After the controlled-buy was completed, Officer DeMarco performed a field test on the suspected fentanyl purchased from GARCIA, which returned a positive result for the presence of fentanyl.

### Undercover Buy – June 29, 2020

13.    On June 29, 2020 the UC placed a telephone call to GARCIA at cell phone number (585) 410-9129. The UC spoke with GARCIA and made arrangements to purchase one-hundred dollars ($100) worth of "boy" from him later that day.

5

14.     At approximately 9:40 a.m., the UC drove to 79 Kohlman Street, Rochester, New York where he parked his vehicle on the street.  The UC observed GARCIA exit a 2014 Ford Fusion bearing New York Registration HNP-5600 that was parked in the driveway of 65 Kohlman Street. GARCIA walked to the driver-side window of the UC's vehicle and had a brief conversation with the UC. GARCIA then handed the UC twenty (20) wax paper envelopes containing a gray powdery material and in exchange the UC paid GARCIA one hundred dollars ($100) of official funds.

15.     After the controlled-buy was completed, Officer DeMarco performed a field test on the suspected fentanyl purchased from GARCIA, which returned a positive result for the presence of fentanyl.

### Search Warrant at 1144 Jay Street and the Arrest of Luis Garcia

16.     On July 14, 2020 at approximately 6:04 a.m. members of GRANET executed a court-authorized search warrant at 1144 Jay Street, Rochester, New York. The search and seizure warrant had been issued by the Hon. Douglas A. Randall, Monroe County Court Judge, on July 6, 2020. While securing the residence, members of law enforcement found the defendant sleeping in a second floor bedroom.

17.     Once the location was secured officers searched the residence. Under the mattress where the defendant had been sleeping officers found a bag containing a Smith and Wesson, .38 caliber revolver, serial number 61507. Officers examined the firearm and discovered it was loaded with five (5) rounds of ammunition.  In the same bedroom officers located a pair of men's athletic shorts. Officers searched the pockets of these athletic shorts

6

and found twenty-nine (29) wax paper bags containing what appeared to be fentanyl[1], a New York State driver's license in the name of Luis E. Garcia and approximately one thousand six hundred and twenty dollars ($1,620) United States currency. In a dresser drawer in the same bedroom, officers found a Taurus International, .44 caliber revolver, serial number LA574564. In the same dresser, officers also discovered a Sharps and Company, .22 caliber, model .22LR, Derringer pistol, serial number 353.

18.    In the front foyer closet officers located a Taurus International, .38 caliber revolver, model .38 special, serial number 61507. The revolver was loaded with six (6) rounds of ammunition.

19.    The front porch/breezeway of the residence was searched and officers discovered a shoebox containing a Harrington and Richardson, .32 caliber, revolver, model "Bulldog" serial number 1718, along with numerous rounds of assorted ammunition.

20.    Based on your affiant's training and experience, the quantity of fentanyl recovered from the defendant's home on July 14, 2020, packaged in 29 separate envelopes, together with $1,620 discovered in the same pair of shorts, is indicative of an intent to distribute. Combined with my other knowledge of this case, I believe the defendant possessed the aforementioned 29 bags of fentanyl with the intent of distributing them. Further, based on my training and experience, your affiant is aware that traffickers of controlled substances commonly possess firearms to protect themselves, their narcotics, and proceeds of narcotics

---

[1] A sample from the 29 decks of suspected fentanyl was later field tested by Deputy Scott McKinney, which returned a positive result for the presence of fentanyl.

transactions. As such, your affiant believes the defendant possessed the above described firearms in furtherance of his drug trafficking activities.

## Interstate Nexus

21.     In connection with this investigation, ATF Special Agent Ryan Szwejbka, an expert who has testified in federal court regarding the origin of manufacture for firearms and ammunition, was provided a description of the above described firearms.  Based on that description, he determined that the Smith and Wesson, .38 caliber revolver, bearing serial number 61507; the Taurus International, .44 caliber revolver, bearing serial number LA574564; the Taurus International, .38 caliber revolver, model .38 special, bearing serial number 61507 and the Harrington and Richardson, .32 caliber, revolver, model "Bulldog", bearing serial number 1718 were not manufactured in the State of New York.  Consequently, those firearms have affected interstate commerce. Further, based on my training and experience the firearms described in this paragraph meet the definition of a firearm per Title 18, United States Code, Section 921(a)(3), because all were designed to expel a projectile by the action of an explosive.

## Admissions by the Defendant

22.     Subsequent to his arrest, the defendant was advised of his *Miranda* rights, which he knowingly and voluntarily waived. Thereafter the defendant was interviewed by Officer Demarco and RPD Investigator Charles Burgoon. The defendant admitted that all of the narcotics and firearms recovered from 1144 Jay Street were belonged to him. He also admitted to selling drugs and provided some details in regard to how long he had been doing so. The

8

defendant told investigators that he was not aware that the drugs he had been selling contained fentanyl.

## CONCLUSION

23.    Based upon the foregoing, your affiant respectfully submits that there is probable cause to believe that on or about June 4, 2020; June 10, 2020; June 29, 2020; and July 14, 2020, in the Western District of New York, the defendant, LUIS GARCIA did violate Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (distribution of fentanyl or possession of fentanyl with intent to distribute); and further submit that probable cause exists to believe that on or about July 14, 2020, in the Western District of New York, the defendant, LUIS GARCIA did violate Title 18, United States Code, Section 924(c)(1)(A)(i) (possession of a firearm in furtherance of a drug trafficking crime).

INVESTIGATOR JOSEPH BRIGANTI
Task Force Officer
Bureau of Alcohol, Tobacco
Firearms and Explosives

Affidavit and Criminal Complaint Submitted electronically
by email in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate
telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d)
on August _4_, 2020.

HONORABLE MARK W. PEDERSEN
United States Magistrate Judge

9